## No. 4477.

SUCCESSION OF MILTON TAYLOR. Opposition of THOMAS J. THORP et als.

Where the plaintiff was not a party to any of the judgments complained of, and this is the first suit he has brought to have them annulled and to get the relief he prays for, an exception founded on the plea of *res judicata* is inapplicable.

Where the exception is that the petition discloses no cause of action;

Held—That for the purpose of trying this exception, all the allegations being taken as true, show ample cause of action.

The argument that a testamentary disposition in favor of Mason county court, Kentucky, is immoral, and therefore null, because the legacy is to be applied to the support of indigent illegitimate children under seven years, and their indigent mothers, is not considered. worthy of serious consideration.

APPEAL from the Second District Court, parish of Orleans. *Duvig-neaud*, J. *B. R. Forman*, for appellants. *W. W. Handlin, D. C. Labatt & Aroni, E. Morel*, for appellees.

WILY, J. Thomas J. Thorp, "as administrator, with the will annexed," repres<enting the estate of the deceased by appointment of the probate court of Mason county, Kentucky, and as attorney in fact for one of the legatees, brings this suit against the public administrator, and against Mary Ann Rodgers, and Phœbe Ann Taylor, and John James Taylor, claiming to be heirs at law of the deceased; and he prays that the decree of the thirtieth March, 1870, ordering the execution of Milton Taylor's will, be carried into effect; that the judgments recognizing said pretended heirs at law, and ordering them to be put in possession of the succession, be set aside and annulled; that the public administrator be dismissed from office for failing to file annual accounts, and for failing to deposit the funds of the succession in bank

according to law, and that he be condemned to pay ten per cent. interest and twenty per cent. damages on the amount of the funds not so deposited; that petitioner be appointed dative executor, and be put in possession of the succession; and if from any cause this relief be refused, that petitioner have judgment against the succession for the amount of the legacy to the Mason county court, represented herein by petitioner.

In bar of this suit the defendants pleaded *res judicata*, and the exception that the petition discloses no cause of action. The court maintained the peremptory exceptions, and dismissed the suit. The plaintiff appeals. The plaintiff was not a party to any of the judgments complained of, and this is the first suit he has brought to have them annulled, and to get the relief he prays for; therefore the plea of *res judicata* is inapplicable. For the purpose of trying the other exception, all the allegations are taken for true.

The petitioner alleges that he is "administrator with the will annexed," of the succession, at the domicile of the deceased in Kentucky, and that the succession in this State is ancillary to that, and by the laws of Kentucky his power as administrator is the same as that of executor, with seizin; that the judgments he seeks to annul were obtained by fraud and false testimony; that these pretended heirs were adulterous bastards of the deceased, and that their mothers were slaves; and by the laws of Kentucky and Louisiana they are incapable of inheriting from the deceased; that the property in Kentucky is insufficient to pay the special legacies in the will, especially the legacy due the Mason county court (which is capable of inheriting by the laws of Kentucky); that the public administrator should be dismissed, and compelled to pay the interest and damages claimed, for failing to file his annual accounts and to deposit the funds of the estate according to law; that petitioner is entitled to be appointed dative executor, and that if from any cause this relief be denied, he is entitled to recover the legacy due the Mason county court.

Taking these averments to be true, there is ample cause of action set up in the petition.

The argument that the disposition in favor of the Mason county court is immoral, and therefore null, because it is to be applied to the support of indigent illegitimate children under seven years of age and their indigent mothers, we do not consider worthy of serious consideration. If relief to such indigent and unfortunate persons be immoral, then charity, one of the noblest Christian virtues, is itself immoral.

It is therefore ordered that the judgment herein be annulled and reversed; and it is further ordered that the exceptions be overruled, and that this cause be remanded for trial according to law, appellees paying costs of appeal.

Rehearing refused.